UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDY JUSTIZ, )<br>　　　　　Plaintiff, )<br>vs. )<br>VIRGIN AMERICAN AIRLINES, )<br>　　　　　Defendant. ) | Case No. 2:13-cv-00145-JCM-GWF<br><br>**ORDER**<br><br>Addendum to Complaint (#5) |

　　　This matter comes before the Court on Plaintiff Wendy Justiz's ("Plaintiff") Addendum to Complaint, filed on April 8, 2013.

### **BACKGROUND**

　　　Plaintiff filed an Application for Leave to Proceed in forma pauperis on January 28, 2013. Plaintiff's Complaint, however, was dismissed without prejudice for failing to exhaust her administrative remedies. Pursuant to Court Order (#2), Plaintiff was instructed to file an Amended Complaint to cure the deficiencies by May 14, 2013. Plaintiff instead filed an Addendum to Complaint (#5) ("Addendum") on April 8, 2013, attaching her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). On the Addendum, Plaintiff inquired whether the Addendum was sufficient in lieu of an Amended Complaint. Unfortunately, the Court did not recognize Plaintiff's request and failed to respond. Pursuant to Plaintiff's right-to-sue letter, she had 90 days to file her lawsuit from the date she received her Dismissal and Notice of Rights from the EEOC dated October 31, 2012.

### **DISCUSSION**

　　　A statute of limitations is subject to the doctrine of equitable tolling, therefore, relief from strict construction of a statute of limitations is readily available in extreme cases and gives the court

latitude in a case-by-case analysis. *See Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992). The Supreme Court has held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling. *See Zipes v. Trans World Airlines,* Inc., 455 U.S. 385, 394 (1982). The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings. *See Irwin v. Veterans Admin.*, 498 U.S. 89 (1990).

Here it appears Plaintiff was timely with her filing, however, due to a defective pleading and the Court's oversight involving the inquiry on Plaintiff's Addendum, Plaintiff's claim has not moved forward. In fairness to Plaintiff and in the interest of justice, this Court will allow Plaintiff 30 days leave to amend her Complaint with the right-to-sue letter. If Plaintiff properly amends her Complaint within the 30 day period, this Court will grant the amended complaint nunc pro tunc to the date of the initial filing, January 28, 2013. Plaintiff is again reminded that the Court cannot refer to a prior pleading to make her amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **April 16, 2014** to file an amended complaint. If properly filed, the Amended Complaint will be granted nunc pro tunc to the date of the initial filing, January 28, 2013.

DATED this 16th day of March, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge